We have Ister v. Granderson et al. number 518-0261. Council ready? Yes, Your Honor. May it please the Court, my name is Tyler Dealey. I represent the... You said Bramlett, I'm sorry. You've got two in a row. What's that? Did you say Bramlett or Ister? I'm sorry, Your Honor. Oh, this is Ister. Ister, okay. That's what I thought. Is it Dealey? Dealey, yes, Your Honor. This is a first for me. I don't know if this happens often with the Court, but we're going to have two attorneys arguing two different cases back-to-back on similar issues. So it will be interesting. I hope I don't miss it too often. First for me, too. It's pretty surprising, I think. Mr. Ister's case... Actually, I was looking forward to Mr. Brandon arguing. You're probably looking forward to Mr. Prince arguing with him. No, we can do without him. He was going to argue until Monday. So Mr. Ister's case, just to give some context since his cases are similar, involved a motor vehicle crash that Judge Salverson considered a motion to limit the bar of the use of his discovery deposition at trial. And then... I need to stop and go back. There was a motion in Lamine to bar the defendant's discovery deposition being used after he passed away in lieu of an evidence deposition. And then after that was barred, there was a motion for summary judgment based on the Dead Man's Act, and the case was dismissed. Mr. Dealey, do you think that the defendant can waive the Dead Man's Act? Yes, Your Honor. It's not necessarily a waiver argument. It's in the language of the Dead Man's Act that basically states it's subsection A of the Dead Man's Act that says if any person testifies on behalf of the representative to any conversation with the deceased, then any adverse party can then testify. Well, in your case, you attached the, I think, if I'm reading the record right, you attached as a copy, Exhibit 2, to your motion for summary judgment, the discovery deposition of Mr. Conrad. I'm the plaintiff, Your Honor. You're the plaintiff. Yes. Okay, sorry. Sorry about everything. Yeah. Sorry. And let's talk about that. I still want to talk about that. Yeah, absolutely. They attached. Yeah, that's an excellent point. They attached the discovery deposition. Do you believe they have waived the right to even argue the Dead Man's Act? You didn't raise that in your brief. You raised it differently. I think that's an excellent argument. We raised the issue with regard to the officer. Right. Now my mind is on the correct light. But you raised it as regard to the officer. Right. What do you think about waiver of the whole issue by attachment to their motion for summary judgment? I think the analysis would be the same. It actually would be a better argument than what we made with regard to the officer because that's his own, the words of the defendant. And it kind of goes to the whole argument with respect to 21285 that the Dead Man's Act is there to prevent fraud, basically, where one party can get up and testify about what happened uncontradicted. That's not our case here. The discovery deposition is taken. Mr. Conrad was able to tell his story about what happened. There's no opportunity for fraud here. Even with the Dead Man's Act, what is your position on admissions? Evidentiary admissions, not judicial admissions made by a party opponent. Absolutely. That's 21282. Any admissions made in that deposition are admissible regardless of the Dead Man's Act. The Dead Man's Act only excludes testimony of the plaintiff or the adverse party. In our case, it would be the plaintiff that doesn't make any mention of admissions by the other party. Do you know philosophically why that is? Do you know why those admissions are still admissible? Because it's the adverse party's own words. You can't say that the decedent is prejudiced by what they've actually said coming before a jury. There's no opportunity for fraud there because it's the defendant's own words. So admissions aren't limited to discovery depositions? That's correct, Your Honor. For example, if they had filed a pleading where there was an admission in the pleading, we could still consider that. Absolutely, Your Honor. In this case, there are some admissions in the defendant's answer. Specifically, in this case, the two vehicles were side-by-side. This is a merging issue. Mr. Conrad merged into Mr. Eister. So I don't understand. Do you believe that the merging issue that's raised in the pleadings raises a question of fact? Absolutely, it does, Your Honor. Does the Dead Man's Act only apply to testimony? Yes, Your Honor. I believe it does. So the admission made in the pleading would not be affected by the Dead Man's Act? It would not. And I think there's case law in point, and it's conceded in the defendant's brief, that admissions are not subject to the Dead Man's Act. And our position is that there are enough admissions, irrespective of anything Mr. Eister would testify to, that create a genuination of material fact. And it's my understanding, and I just read the order, and that is not addressed in Judge Salverson's order, Your Honor. But it's not addressed? The admissions, anything to do with admissions. Right. Judge Salverson seems to think that if the Dead Man's Act applies, then everything is excluded, and that's what the defendant argues. I... Is that right? That's... I mean, is that how you read the order? I don't believe that's their position. I don't believe that that's the law. I understand you don't. But do you think that Judge Salverson has agreed with the defendant that everything is excluded when the Dead Man's Act applies? I'm not going to go so far as to say everything, but I think any testimony by our client about that occurrence, by the client about that occurrence, would be excluded, based on her analysis. And what's your analysis of the law? That any admissions made by the defendant are admissible. They're outside the scope of the Dead Man's Act, and those need to be considered in considering a motion for summary judgment. And they were not in this case. More broadly, our position is that this deposition, the discovery deposition, should have been admitted under 212A5. In that case, then Mr. Eister is able to testify about the occurrence as well. 212A5, there's basically... Your client, would he be allowed to testify about the occurrence generally, or would he only be allowed to testify with regard to the admissions? The admissions and 212A5 are two separate things. Right. If the discovery deposition is admitted under 212A5, he is able to testify about the entire occurrence, because essentially that's testimony about the occurrence by the adverse party, which allows him to testify about the occurrence under the Dead Man's Act. Well, 212A5 doesn't deal with the Dead Man's Act. No, it deals with the disability of a discovery deposition when no evidence deposition has been taken. Right. So I may have missed what you said, but I thought you combined them at the end of your statement. If I did, I apologize. Okay. We can't speak over one another. I want to make sure that when whoever listens to this argument that the discussion is clear. Sure. Okay. So the first position is that Rule 212 allows the admission of the discovery deposition regardless of the Dead Man's Act, right? Correct. Assuming that that's not true for whatever reason, your second position on the Dead Man's Act is what? That the admissions, individual admissions made in the discovery deposition are admissible along with any judicial admissions, for instance, the answer. And that the admissions in this case are sufficient to create an issue of fact. So as to 212A5, the admission of the discovery deposition as a whole, the elements of that are the three elements that the defendant is not a controlled expert, in this case, definitely not a controlled expert, but no evidence deposition is taken. There's no evidence deposition taken here. And that the witness is unavailable because of death or, well, because of death, and in this case, Mr. Connery has passed away. And in this rule, the court is to exercise sound discretion. The court does have a degree of discretion, correct? Correct. The court has discretion. So once those three elements are met, the court has to decide whether admitting the discovery deposition would do substantial justice. Here, by throwing out this discovery deposition, substantial justice is not done. And essentially, you can't say it's not just to have the defendant's own words put in front of the jury. By eliminating that, it makes the cause extreme prejudice to Mr. Eister and Privy's case. Well, assuming that the judge used the correct amount of discretion under 212, what other admissions were made that could have been used to refute the summary judgment motion, if any? Sure. The admission in his answer was that these two vehicles were driving side by side. In his deposition, the defendant admitted that he did not look before changing lanes. He admitted that he changed lanes and impacted the other vehicle. He admitted that there was nothing obstructing his vision. Those facts are sufficient to create an issue of fact as to liability in this case. Even when you're dealing with a dead man's act, circumstantial evidence can still be considered, and that evidence is strong evidence of liability. Certainly, a reasonable jury could conclude that there was negligence by Mr. Conrad. Your client claims that they made contact in the middle of a lane, or they were sideswiping, so to speak. True. The defendant admits that. Correct. So that's evidence that wouldn't be refuted by the defendant if he were alive. It's conceded. There's no agreement about that. And it's also in his pleading. The part that's in the pleading is that the vehicles were side by side. I don't believe the pleading says anything about changing lanes. Okay. But he did say in his deposition that he didn't look. Correct. That is correct, I believe. Well, is it? Yes. So he made an admission that he didn't look before he started to change lanes? That's correct, Your Honor. Let me recheck my notes. Yes, I realize you have two. Do you have two cases? Right? Yeah, we're coming right back. Okay, I didn't realize. Coming right back as in sitting down and standing back up. Yeah. So that's another allegation of negligence that would not be refuted. Correct. Right? And what was the other admission that you say wouldn't help prove negligence? The defendant admitted he did change lanes. I think we need to talk about that. He didn't look. He didn't look. And that there was nothing obstructing his vision. Okay. When he changed lanes. Correct. So that's not something that would be refuted by the defendant were he a liar. Correct. Because it's his own words. That's what he said in his deposition. And that's why we call them admissions. That's correct. Okay, so what is it that is excluded by the Dead Man's Act? If it were to apply in this case. Sure. If there were no deposition here, I would agree. No admissions or anything like that. I would agree that Mr. Asher would not be able to testify about this occurrence. At all? Certainly. Anything that could be refuted by the defendant. That's the key language, isn't it? Right. And the reason it can't be refuted here is because of those admissions, because of what we know, because of the defendant's own words. The key language of the Dead Man's Act being that things that can be refuted are not to be admitted. Yes, Your Honor. Right? That's how the case law interprets it. Yes, Your Honor. So what is the standard of review here on this? As to the motion for summary judgment, it's de novo. And that would include the analysis of just the admissions from the discovery deposition and the pleadings. All of that. Right. But with regard to 212A5 and just the general admission of the discovery deposition in lieu of an evidence deposition, basically, that would be a discretionary analysis. An abuse of discretion. Abuse of discretion analysis. There's nothing that tells us, is there, why the judge didn't allow this to be read? The order basically said the discovery deposition was taken in 2015. He passed away about two years later in 2017, maybe slightly more than two years later, and no evidence deposition was taken in that time. Is there any rule that requires an evidence deposition? I mean, don't you guys know he was sick or something? No. What the defendant alleges is that he was 90 years old, so he was in advanced age, but there was no indication of illness, no indication that he was sick or anything like that, and nothing to indicate other than that he was 90, that he might pass away. So the defendant's position is all 90-year-olds should have an evidence deposition? Essentially. And their support for that is they look to the comments of 212 that say that this rule, 212A5, is only going to be used in rare but compelling circumstances. That is a rare but compelling circumstance. I mean, that's what the rule is there for. When a party dies, and it was even amended to add a party in in 2011 as someone whose deposition can be used when no discovery deposition is taken. The rule itself doesn't say anything, oh, I'm sorry, when no evidence deposition has been taken. The rule doesn't say where there was no opportunity to take an evidence deposition, or it doesn't say no evidence deposition was taken within a certain amount of time. It just says no deposition was taken. And when the rule is clear, there's no reason to look to the comments to try and interpret it. Frankly, just throwing that language in as part of the analysis just confuses things further. From a practical standpoint, when do we have to start taking deposition, evidence depositions? 70? 80? Don't get too close to the mic. I'm not going to go any further than that. And even are we as plaintiffs going to have to do more in-depth medical discovery on defendants? Do we get to find out what their medical conditions are and whether they may have a shortened life expectancy because of that? I don't think anybody really wants to have to tap a day into the private medical records of defendants that aren't relevant to the actual liability issues or anything like that. Just practically, this rule, as it's asking to be applied, does not make sense. It doesn't do justice. It doesn't support the spirit of the Dead Man's Act. And for those reasons, we believe it should be, the decision of the trial court should be reversed. If there aren't any other questions, I'll make my point. All right. Thank you, counsel. You have an option for rebuttal. Thank you. Proceed. Your Honor, Mr. Daly, and may it please the Court. My name is Jared Montgomery, and I represent the appellee in this matter, Mr. Kenneth Conrad. The circuit court properly granted defendant's motion for summary judgment as there is no admissible evidence sufficient to establish liability on the part of Mr. Kenneth Conrad. Let me start by asking you the same question I asked. Do you think you could waive the issue that you're talking about with regard to the Dead Man's Act by attaching the deposition to your motion for summary judgment? No, Your Honor. Simply because pursuant to subsection B of 5A-201, the Dead Man's Act is the only way where a deposition is admitted into evidence. Well, when you file a motion for summary judgment, the case law says that it's a substitution for trial. So if you attach a motion, the motion for summary judgment statute says you can attach pleadings, everything, affidavits, whatever you want, and the court has to consider that as if it's a substitute for trial. So you attached the discovery deposition of Mr. Conrad, who you want to exclude, to your motion. Yes, Your Honor. And you wanted the court to consider that as testimony. Your Honor, we don't want to consider it as testimony. It was attached and the court exercised discretion in deciding that the discovery deposition would not be admissible as evidence pursuant to Illinois Supreme Court Rules 12-5. But you didn't file it as a motion to eliminate. You filed it as a motion for summary judgment. Yes, Your Honor. Which is a different animal than a motion to eliminate. Yes, Your Honor. Do you agree with that? Yes, Your Honor. But the court was able to exercise discretion in deciding whether or not to admit the discovery deposition into evidence. If it's a motion to eliminate, you ask that the document be excluded. There's a case I think that you cite, Volma v. Henry, which says that a motion for summary judgment is not a modified trial procedure. It is an adjudication of a claim on the merits. And it's the procedural equivalent of a trial. So if a motion for summary judgment is truly a procedural equivalent of a trial, you've introduced the discovery deposition, which waives the Dead Man's Act, theoretically. Your Honor, the Dead Man's Act is not waived because the circuit court has decided that the Dead Man's Act was not admissible evidence in this matter, Your Honor. And under subsection 212A, they're able to exercise that discretion in excluding the discovery deposition of Mr. Conrad. I understand that argument. But my first question is why you didn't file it as a motion to eliminate to exclude it as opposed to a motion for summary judgment. So my first question is really procedural. Do you understand? Yes, Your Honor. And the motion for summary judgment was filed because, absent that discovery deposition, there is no issue of material fact as to Mr. Conrad's liability in this matter. Well, there's evidently pleadings where he makes an admission about changing lanes. Your Honor, in his pleading, and I assume you're referring to Mr. Conrad's answer to Plaintiff's complaint, the only admissions raised by the appellant are that on November 13, 2012, the plaintiff was operating a 2018 Chevy Apollo on West Young Street in the right lane of traffic. That's not a judicial admission sufficient to establish liability on the part of Mr. Conrad. The only other admission that they cite in the answer is, at said time and place, the defendant, Kenneth Conrad, was operating a 2003 Buick Century Westbound on West Young Street in the left lane of traffic, immediately next to the plaintiff's vehicle. In this answer, at no time does it state that he was operating a vehicle directly adjacent to the vehicle driven by Mr. Eister at the time of the collision. In fact, his so-called admission or alleged admission is completely consistent with his testimony that he's asserted from the very beginning, Mr. Conrad, that Mr. Eister sped up after he had already begun to change lanes to prevent him from changing lanes into the right-hand lane, Your Honor. Those are the only admissions contained in the pleadings that have been cited by the appellant, Your Honor. Let's talk about Rule 212. Sure. What is unclear about that language regarding admissibility of a discovery deposition where the individual has died? Your Honor, the language in 212a is clear. Oh, it is. And it's also clear that the court in its sound discretion may find such evidence or trial or hearing may decide not to introduce an individual's discovery deposition when it will not do substantial justice between the parties. Well, do we have any indication in this case why Judge Salverson didn't admit it? Your Honor, yes, we do. It's found in the court's order. Right. In the court's order, it clearly took issue with the fact that the time the discovery deposition was taken, which was on May 17, 2015, Mr. Conrad was 90 years old. Mr. Conrad subsequently died on May 22, 2017, over two years later. At all times during from 2015 to 2017, he was available for his evidence deposition to be taken and he was living in Jackson County. Nothing prevented the appellant or plaintiff from taking Mr. Conrad's deposition at any time. But plaintiff also has the right to call a witness live at trial, right, regardless of their age. Yes, they do, Your Honor. As long as they're capable of getting there, plaintiff has that right. Yes, they do, Your Honor. And so your pleadings and arguments before the trial judge seem to claim that somehow that somebody's going to die and command them to take an evidence deposition. Is there any case law that supports that argument? I didn't see a citation. No, Your Honor, but I don't think it's asking plaintiff to see the future to realize that when an individual's discovery deposition is taken at 90, there may be a need to preserve his testimony that he may not be available for trial. But we have all kinds of rules on preserving testimony and what has to be shown and things of that nature. But if you take the testimony of an 80-year-old or a 90-year-old and they don't appear to have any problems, you're going to wait two years for trial and then punish them because they didn't take an evidence deposition? That's your argument. Your Honor. Or they should somehow be sanctioned because they didn't take an evidence deposition. No, no, they should not be sanctioned. But when you take the discovery deposition of an individual such as Mr. Conrad and then wait two years before taking his evidence deposition in light of his advanced age, the plaintiff is always running the risk that his testimony may not be preserved for trial. Your Honor. Well, if you take that risk, that's exactly why we have 212A because in Illinois we still have discovery depositions. Where this federal court, that deposition would automatically be an evidence deposition, right? Correct, Your Honor. I mean, we're one of the few states left in the country that still have discovery depositions. So, I mean, it seemed to me that you want to somehow sanction the plaintiff for not taking an evidence deposition. Maybe they want to save costs. Who knows? No, Your Honor. So if they run that risk, what you're saying is if you run the risk, then we're going to use 212 as a weapon against you to preclude what it is the Supreme Court has said should happen, that the discovery deposition comes in. Your Honor, you are correct that Illinois still recognizes the distinction between a discovery deposition and an evidence deposition. It should be noted, though, that there was a recent attempt to do away with discovery depositions and it did not pass, Your Honor. But I'm talking about the exception in the rule now that was created for this exact kind of circumstance. Your Honor, the circumstance envisioned in the amendment to Rule 212 was not the facts or the circumstances in this case. What were they? Well, the committee comments made clear that an individual's discovery deposition should only be admissible in rare but compelling circumstances. Well, you don't think death is a rare circumstance when we have a bifurcated discovery system in Illinois? And before that, let me ask this more important question. We don't look to committee comments if the language is clear. That's a statutory construction issue, right? Your Honor, the judiciary can look to the committee comments  What case are you going to cite to me on that where the language is clear, where the statutory language is clear, the court does not need to resort to any other aids of construction? That's the law in Illinois, correct? Your Honor, yes, but I would cite this Court's attention to the case of Wright v. and I apologize, I'll probably butcher this name here, DeSatte, D-S-A-T-T-E, where they said, Committee comments are persuasive authority that would universally be utilized to ascertain the intent of the legislature. That's where the language is not clear. Your Honor, the... You have argued somehow that because there's this one line in 212A5, rare but compelling circumstances to permit the discovery deposition to be used, you want us to go around the very plain language of the rule where the law clearly says that we don't have to do that. Your Honor, the circumstances that warrant an individual's introduction of discovery deposition are indicative of this Court's decision in Berry v. American Standard. In Berry, which precipitated, an appellate neurologist precipitated the changes in Rule 212A, the plaintiff immediately sought to take his client's evidentiary deposition. The defendant objected and said that a discovery deposition needed to proceed first. He continually delayed the discovery deposition from taking place until the plaintiff was too ill and subsequently died. This Court stated that was the circumstances which would warrant the introduction of an individual's discovery deposition. But as far as the circumstances here... But the Berry case, the facts of the Berry case were very different than this. I'm talking about the general rules of statutory construction that exist in Illinois with regard to whether we go behind the rules or the statute. Yes, Your Honor. The Berry case, I understand the Berry case. But the rule was changed because of the Berry case. In other words, we're going to admit the discovery deposition. It was, Your Honor, and it grants... But even if the discovery deposition is not admissible, why are the admissions in that deposition not admissible? Your Honor, because any admissions are not judicial admissions sufficient to establish liability on the part... Well, there's two different kinds of admissions in Illinois. There's a judicial admission and there's an evidentiary admission. These are evidentiary admissions, not judicial admissions. Correct, Your Honor. Okay, so you used the word judicial admissions. Yes. These are evidentiary admissions. These are made from the mouth of the guy who was involved. Yes. Why are these not admissible? Why are we not letting the truth come out? Your Honor, any admissions would be admissible, however, they're not sufficient to raise an issue of internal fact as to Congress' negligence in the accident. All of the admissions that are cited by plaintiff or appellant are completely consistent with his version of events of that day that Mr. Eister sped up to prevent him from changing lanes into the right-hand lane, Your Honor. What about the Seedon's admission that he didn't look before he changed lanes? Do you deny that that's an admission that was made? Your Honor, as I see in the recited plaintiff's brief, the testimony of Mr. Eister was, or Mr. Conrad, that he said that he didn't look, not that he didn't look, but instead that he didn't see the plaintiff's vehicle when he attempted to turn lanes, which is consistent with his theory of the case that the vehicle was not there and instead behind him and sped up to prevent him from changing lanes, Your Honor. Well, if he didn't see it and his vision was not obstructed and then you have the plaintiff testifying to what he did, as long as you limit the amount of testimony, which takes the court's involvement, to those issues that cannot be refuted under the Dead Man's Act, then why not let his evidentiary admissions come in and let the jury decide? The problem with Mr. Conrad's evidentiary admissions would be that by the definition of evidentiary admission, they are ambiguous. What? The evidentiary deposition is ambiguous, and that's why there's not a judicial admission. No, no, no. Are you telling me that the difference between judicial admission and an evidentiary admission is ambiguity? Your Honor, the... No, that's not the rule in Illinois. The appellant has to be able to explain his admission, which would be precluded from in this case, simply because he's not available. Mr. Conrad is deceased at this time, Your Honor. He cannot explain the evidentiary depositions or his evidentiary admissions to establish liability on his part, Your Honor. His admissions are completely consistent with his view of the case that the individual sped up to prevent him from switching lanes, Your Honor. If these were to be admitted, it does not raise an issue of maternal fact as to his negligence in the accident, Your Honor. Your Honor, the facts of this case do not raise the rare and compelling circumstances envisioned in Rule 212A that would admit the discovery deposition of Mr. Conrad. He was 9 years old at the time of the accident. He was 92 years old at the end of his death. Nothing prevented the appellee or the appellant from procuring Mr. Conrad's evidence deposition and preserving his testimony. The plain language of Rule 212A makes clear that the court has sound discretion on whether or not to admit an individual's discovery deposition. The circuit court will only abuse this discretion in admitting Mr. Conrad's discovery deposition if there was no reasonable person who would have taken the view adopted by the circuit court. The circuit court clearly took issue with the fact that Eister failed to procure Conrad's evidence deposition in a timely manner in light of his advanced age. That was the only basis that we know of for the court denying the admission of that discovery deposition. Your Honor, that is the only basis that stated the court's order, yes. Right. I just want to make sure that we understand that that's the only basis that the court used. That's the only basis that stated the order, Your Honor. However, the decision was made after the matter was fully briefed and oral arguments were heard on the matter, Your Honor. Did you file a report of proceedings in the transcript? No, Your Honor, we did not. No bystander report? No, Your Honor. So we have the order only? Yes, and in the order, the circuit court clearly took issue with the defendant's age and the fact that it took over two years when he was available to take his discovery deposition. And after the first year, what was his medical condition? Your Honor, there was no indication at any time that Mr. Conrad was on death's door. Well, he died, so did you put forth any evidence of how he died, how long he'd been ill, anything like that? No, Your Honor, we did not. You just said time went by and so they should have done it? Yes, Your Honor, because the two years in life as advanced age was unreasonable and basically— And we have no case law in Illinois that supports that, right? Could you restate that, Your Honor? Do we have any case law in Illinois that supports your argument? Your Honor, no. That somebody should not wait two years for an 80- or a 90-year-old, that they somehow have a duty to take an evidence deposition? No, Your Honor. But the rare and compelling circumstances envisioned vary on a typical list and— The rare and compelling circumstances could be that the deponent died and had only given a discovery deposition. Yes, Your Honor, but it would be within the trial court's sound discretion in deciding whether or not to admit the discovery deposition, and the trial court did exercise discretion in this matter, Your Honor. What about the rule that says discovery depositions taken under this rule may only be used for admissions made by a party? Now we're not talking about whether the party is alive or dead. We're just talking about evidentiary admissions made by a party. What about that part of the rule? Your Honor, the admissions contained in an individual's discovery deposition are admissible. We do not claim otherwise and concede in the brief they would be admissible, Your Honor. However, they're not sufficient to establish a reasonable material fact as to Mr. Conrad's negligence. But see, I think this is where I'm having trouble with Judge Salverson's order. She just issues a blanket. You can't use the deposition. It doesn't appear that she ever considered the admissions of this deposition, whether you want to say that they're conclusive as to summary judgment or whether the plaintiff wants to say they raise an issue of fact. It appears, correct me if I'm wrong, that she just said, okay, you can't use the deposition. You shouldn't take an evidence deposition. She didn't go through the process of saying, and neither did any of you, well, we have some admissions here we'd like you to consider. I don't see that in the order. Your Honor, no, because the appellant did not present that to the, at any time during the hearing did it present to Judge Salverson the. . . Well, the appellant argued that there were admissions, but the court just said, I'm not going to let the discovery deposition be used, period. Yes, Your Honor. There was no indication she even considered admissions. Your Honor, there's no indication she did not also not consider the admissions and find that there was no issue of material fact in issuing a ruling for summary judgment, Your Honor. How do we know that? What? How do we know she considered that? We don't know. Just by her granting the summary judgment. We know that she did consider it, Your Honor. We also don't know that she did not consider it, Your Honor, because as you stated in the order, Judge Salverson currently took issue with the fact that this discovery deposition took two years after discovery deposition before Mr. Conrad passed away, Your Honor. That was implicit in the order, and subject without the discovery deposition, there was not sufficient evidence to establish liability on the part of Mr. Conrad for the accident in question, Your Honors. I think that's something we can have reasonable evidence to be drawn from the court's order, Your Honors. And I briefly want to touch on the issue that Conrad did not lay the protection of the dead maid's act by providing the affidavit of Officer Baxter. Officer Baxter simply stated he did not do it. He just came out of time, Your Honors. Thank you. Thank you, counsel. Rebuttal. It's clear from Judge Salverson's order that she excluded this deposition under the dead man's act. No analysis as to admissions on summary judgment. It says in my reading that discovery deposition does not come in, therefore, based on the dead man's act, there's no question of material fact. It doesn't analyze that evidentiary admissions can be considered in weighing whether to grant summary judgment. Well, even under the dead man's act, admissions come in. Yes, that's correct. I mean, that's the whole concept of the word admissions, that they're statements that are not to be refuted, so they avoid the impact of the dead man's act. And what I was saying is that she didn't consider those admissions in granting summary judgment. And you believe that had she considered those admissions, that there would have been a question of material fact. That's your argument. I do agree. Just to touch on a point that you made, Your Honor, with regard to taking an evidence deposition after a discovery deposition of a party, that's not something that happens very often. There needs to be a reason for it other than the person who's coming along in years. That's a nice way to put it. I was trying to be diplomatic. And as you said, there are tools for us, in the event of these unlikely circumstances, to get that evidence in front of a jury, specifically 215A5. And frankly, if defendants didn't like what came out in that discovery deposition, nothing stopped them from taking an evidence deposition either, if they thought that he was at an advanced age. That's an interesting point. So what you're saying is they can't likewise sit on their heels and not take the evidence deposition if they know their client is dying and hope the judge will then grant this kind of sanction. Exactly. Because a fair reading of 215A5, a plaintiff would think, well, if somebody does pass away, I've got that deposition and we can know that. And if we're happy with it, we're happy with it because that's our case. If they're not happy with it, they've got the opportunity to take that evidence step. Nothing stopped them either. And not to beat it to death, but this precedent would create a significant amount of more work for the courts and for lawyers and expense for clients because, as counsel said, there may be a need for that evidence deposition. How do I know some freak accident is not going to happen to the client? Where do we draw that line? How does the court parse out when exactly we should have to take that evidence deposition? And it's clear from the rule that we shouldn't have to do that. If there are no remaining questions, I will sit down. All right. Thank you, counsel. Thank you. I look forward to taking this panel.